(November 14, 1995)

■ Gaylene Fraser et al., Respondents, v Eli Lilly & Company et al., Appellants, et al., Defendant. [633 NYS2d 174] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 7, 1994, which denied defendants-appellants'

motions to dismiss plaintiff's complaint on grounds of the Statute of Limitations pursuant to CPLR 3211 (a) (5), unanimously affirmed, without costs.

Under the law of the State of Washington, which must be applied in this case with respect to the Statute of Limitations issue (CPLR 202; *Martin v Dierck Equip. Co.*, 43 NY2d 583, 591; *Besser v Squibb & Sons*, 146 AD2d 107, 112, n 3, *affd* 75 NY2d 847), the question of when a plaintiff discovered, or, with reasonable diligence, should have discovered, all of the essential elements of her cause of action, creates an issue of fact (*see, Ohler v Tacoma Gen. Hosp.*, 92 Wash 2d 507, 598 P2d 1358; *Lo v Honda Motor Co.*, 73 Wash App 448, 869 P2d 1114). In this case, the injury occurred prior to the enactment and effective date of the Washington Revised Code § 7.72.060 (3) (L 1981, ch 27, § 7). Accordingly, plaintiff's knowledge, as of May 1983, that her injuries were caused by her mother's gestational ingestion of Stilbestrol, standing alone, was insufficient to trigger the accrual of her cause of action, unless she otherwise may be imputed with knowledge of the additional elements of her cause of action, including knowledge of the defective or dangerous nature of the product; the existence of a seller in the business of selling the product; and a lack of substantial change in the condition of the product (*see, Sahlie v Johns-Manville Sales Corp.*, 99 Wash 2d 550, 554, 663 P2d 473, 475). Plaintiff's affidavit was sufficient to raise an issue of fact with respect to at least some of these elements, and the motions to dismiss, accordingly, were properly denied. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.