[No. 48982–3.   En Banc.   May 12, 1983.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
IN
DENTON SAHLIE, ET AL, *Plaintiffs*, v. JOHNS–
MANVILLE SALES CORPORATION, ET AL,
*Defendants.*

*James P. Connelly, Winston & Cashatt,* and *Steven A. Crumb,* for plaintiffs.

*Stafford, Frey & Mertel,* by *John G. Cooper,* for defendant Fibreboard Corp.

*Garvey, Schubert, Adams & Barer,* by *Stuart P. Hennessey* and *Christine E. Dinsdale,* for defendant Pittsburgh

Corning Corp.

*Douglas A. North* and *Gregg L. Tinker* on behalf of Washington Trial Lawyers Association, amici curiae for plaintiffs.

PEARSON, J.—This case requires us to consider the application to a products liability action of the discovery rule announced in *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 598 P.2d 1358 (1979). The issue has been certified to us pursuant to RCW 2.60.020 by the federal court for the Eastern District of Washington. The District Court has stipulated the following facts on which it asks us to resolve this issue.

This is a products liability action for personal injuries. Plaintiff George Mabrey started working around asbestos products in 1939. Thereafter, with occasional intervals, he worked with and around asbestos products continually until his retirement in 1978.

In 1970 plaintiff Mabrey learned that he was suffering from a condition known as asbestosis, and knew at that time the cause of his condition, *i.e.*, exposure to asbestos products. He was generally aware of the identity of the manufacturers of the asbestos products with which he worked.

Plaintiff did not discover until 1980, when he consulted with legal counsel, that the manufacturers of the various asbestos products to which he had been exposed might have committed wrongful acts, been negligent, or breached legal duties, which proximately caused his asbestos–related condition; or that he might have a claim for damages against the defendants.

The issue certified on these facts is this:

Under the law of the State of Washington, (prior to the effective date of the Washington Tort Reform Act) as pronounced in *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d

507, 598 P.2d 1358 (1979), did the plaintiff's cause of action accrue when he learned he was suffering from asbestosis and that it was caused by exposure to asbestos products; or did the statute of limitation commence to run only when the plaintiff learned that his legal rights were violated and that he had a legal cause of action against the defendants?

Neither of the alternatives proposed in this question correctly characterizes the holding in *Ohler*. Under *Ohler*, the cause of action in a products liability case accrues when the plaintiff discovers or ought to have discovered all the essential elements of his possible cause of action. In an action against the seller of a product based on the Restatement (Second) of Torts § 402A (1965) (adopted in this state in *Ulmer v. Ford Motor Co.*, 75 Wn.2d 522, 452 P.2d 729 (1969)) there are three such essential elements: first, that the plaintiff user or consumer suffers physical harm from a product which has a defective condition making it unreasonably dangerous; second, that the defendant seller is engaged in the business of selling such a product; and third, that the product is expected to and does reach the plaintiff without substantial change in the condition in which it is sold. Under *Ohler*, the cause of action does not accrue until the plaintiff discovers or ought to have discovered all three of these elements.

In *Ohler*, we considered the application of the discovery rule to two distinct causes of action: one for medical malpractice and the other for products liability. The plaintiff in *Ohler* was blinded by excessive concentrations of oxygen in the incubator in which she was placed after her birth. She knew from an early age that her blindness was caused by an excess of oxygen, but did not discover until she was 21 that the excess of oxygen was possibly attributable to the wrongful conduct of the hospital and the manufacturer of the incubator. She instituted the actions when she was 22. This court held that neither action was barred as a matter of law by the statute of limitation.

We first considered the malpractice action and held that

it did not accrue until the plaintiff knew or should have known that her blindness was the result of the hospital's breach of duty.

> We hold that appellant's claim against Tacoma General did not accrue until she discovered or reasonably should have discovered all of the essential elements of her possible cause of action, *i.e.*, duty, breach, causation, damages.

*Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d at 511. We then proceeded to consider the products liability action against the manufacturer of the incubator. We explicitly extended the discovery rule to products liability actions.

> Like our above holding about Tacoma General, we now hold that appellant's claim against Air Shields [the incubator manufacturer] did not accrue until after she discovered or reasonably should have discovered all the essential elements of her possible cause of action.

92 Wn.2d at 514.

Our decision in *Ohler* is therefore quite clear. In a products liability action, the statute of limitation does not begin to run until the plaintiff has discovered or should reasonably have discovered all the essential elements of the action. The action defined by section 402A of the Restatement (Second) of Torts has three elements which must be established in every case: a product which is unreasonably dangerous, a seller in the business of selling such products, and a lack of substantial change in the condition of the product. The rule in *Ohler* therefore requires actual or imputed discovery of all three of these elements before the statute of limitation begins to run.

The District Court's certified issue offers two alternative formulations of the rule in *Ohler,* neither of which accurately expresses the rule. The first formulation would require only discovery of the injury and causation; this is precisely the rule applied by the trial court in *Ohler* and rejected by this court. The District Court's second formulation refers to the plaintiff's discovery that "his legal rights were violated and that he had a legal cause of action

against the defendants". This formulation is inaccurate for two reasons. First, *Ohler* is specific that the statute of limitation will run from the time the plaintiff actually or reasonably ought to have discovered the essential elements of the action. The District Court's formulation omits reference to imputed discovery. Second, the rule in *Ohler* refers specifically to a plaintiff's actual or imputed discovery of "the essential elements of her possible cause of action". The federal court, on the other hand, focuses on the plaintiff's knowledge of violation of his rights and knowledge that he had a "legal cause of action". While in most cases knowledge, actual or imputed, of the essential elements of the action will probably amount to knowledge of the existence of the cause of action, this is not necessarily so. A plaintiff may well be aware of the facts comprising the essential elements of the action without being aware that he has a legal cause of action.

Much of the argument in the briefs of defendants is directed toward persuading us to depart from our holding in *Ohler*. This we decline to do. The merits of the rule in *Ohler* were considered recently by the Legislature. *See* Senate Select Committee Report on Tort and Product Liability Reform, Senate Journal, 47th Legislature (1981), at 617, 633–34. The response of the Legislature was to modify the rule. RCW 7.72.060. This amendment, however, applies only to claims arising on or after July 26, 1981. RCW 4.22-.920. The Legislature, therefore, while apparently disagreeing with the rule announced in *Ohler,* saw fit not to disturb that rule in respect of claims arising prior to July 26, 1981. We perceive no compelling reasons for our accelerating the legislative modification of the rule in *Ohler*. Accordingly, we decline defendant's invitation to reconsider our decision in that case.

The stipulated facts tell us that in 1980 plaintiff actually knew that he had a possible cause of action against defendants. The facts do not, however, indicate whether a reasonable man in plaintiff's position would have become aware prior to 1980 of the elements of the action. It is possible,

for instance, that plaintiff should reasonably have consulted his lawyer before 1980. As we explain above, a cause of action accrues under *Ohler* with either the actual or the imputed discovery of the essential elements of the cause of action, *i.e.*, that defendant seller had exposed him to an unreasonably dangerous product. We conclude therefore that plaintiff's cause of action accrued in 1980 when he learned from his lawyer of the essential elements of his cause of action, unless knowledge of these elements may be imputed to him at some earlier time.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACH-TENBACH, and DORE, JJ., concur.

DOLLIVER and DIMMICK, JJ., concur in the result.