[No. 22129–9–I.   Division One.   December 11, 1989.]

JAMES S. MARSHALL, *Appellant,* v. AC&S, INC., ET AL, *Respondents.*

---

*Bradley R. Marshall,* for appellant.

*Kent Van Den Berg, Thomas Sorenson,* and *Gibson, Dunn &Crutcher,* for respondents AC& S, Inc., et al.

*Mark S. Clark, Laurie Chyz, Gregory Keller,* and *Hillis, Clark, Martin & Peterson,* for respondent Celotex Corp.

*Michael S. Toot* and *Lee, Smart, Cook, Martin & Patterson,* for respondent Owens–Corning Fiberglas Corp.

PER CURIAM.—James S. Marshall appeals from a trial court order granting summary judgment in favor of the respondents, a group of asbestos manufacturers. A Commissioner granted a court's motion on the merits pursuant to RAP 18.14. Marshall has moved to modify the Commissioner's ruling. We grant the motion to modify only for the purpose of adopting the Commissioner's analysis in this published opinion.

Marshall was exposed to asbestos products while employed at the Puget Sound Naval Shipyard in the 1950's. Some 25 years later he suffered from a lingering cough and lung congestion which caused him to visit a physician. At this time, Marshall was living in Moses Lake, Washington. His local physician took X–rays and sent him to Harborview Medical Center in Seattle for further examination.

Medical documents in the record demonstrate that when Marshall visited Harborview his X–rays were sent to Dr. D. Christie, a radiologist, for consultation. Christie's review of

the films resulted in a written diagnostic report that reads, "Bilateral pleural thickening with history of asbestos exposure. This is most compatible with asbestosis". The date of this document is July 12, 1982. There are also "progress notes" suggesting a second visit to Harborview by Mr. Marshall on July 13, 1982, and another copy of this radiology report with a drawing of lungs on it, suggesting that the report's contents were explained to the patient.

On November 19, 1985, Marshall filed suit against the named defendants, alleging personal injury as a result of the asbestos exposure. In Marshall's deposition of January 21, 1988, he stated unequivocally that he had been told he suffered from asbestosis by a doctor at Harborview on his first trip there. The only uncertainty he expressed concerned the date of that visit, which he stated was in "'82 or '83."

The defendants below moved for summary judgment, alleging that Marshall failed to file his suit within the 3–year statute of limitations applicable to the action. In response to that motion, Marshall filed an affidavit in which he claims that he "became aware of having physical problems in breathing in 1983, when I was living in Moses Lake." He goes on to state that his doctor in Moses Lake sent him to Harborview for tests but that he was never told by anyone that he had an asbestos related disease until 1985. The trial court granted the motion for summary judgment.

The tort reform act of 1981 applies to this litigation and RCW 7.72.060(3) establishes the statute of limitations for filing suit thereunder:

> Statute of limitation. Subject to the applicable provisions of chapter 4.16 RCW pertaining to the tolling and extension of any statute of limitation, no claim under this chapter may be brought more than three years from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause.

In the instant case, Marshall's products liability case is time barred if he discovered the harm and its cause more than 3 years prior to the date he filed suit on November 19,

1985. The trial court found that this knowledge was gained by Marshall on July 12, 1982, leading to entry of an order of summary judgment.

■ In a summary judgment proceeding, the reviewing court makes the same inquiry as the trial court. *Hontz v. State,* 105 Wn.2d 302, 311, 714 P.2d 1176 (1986). If the pleadings, depositions, admissions on file and the affidavits submitted demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, then summary judgment is proper. CR 56(c); *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). Summary judgment involving statutes of limitation should be granted when there is no genuine issue of material fact as to when the relevant limitation period commenced. *Nevils v. Aberle,* 46 Wn. App. 344, 346, 730 P.2d 729 (1986), *review denied,* 108 Wn.2d 1008 (1987).

The burden of presenting evidence is on the moving party, *Hostetler v. Ward,* 41 Wn. App. 343, 346, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986), and the facts submitted and all *reasonable* inferences therefrom must be considered in the light most favorable to the nonmoving party. The motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). A summary judgment motion will not be denied on the basis of an unreasonable inference. *Scott v. Blanchet High Sch.,* 50 Wn. App. 37, 47, 747 P.2d 1124 (1987), *review denied,* 110 Wn.2d 1016 (1988).

Here, Marshall would have this court infer from his affidavit that there is a genuine issue of material fact concerning when he learned of his illness and its cause. This inference is not reasonable. The Harborview medical records show that Marshall's first visit there was in July of 1982, rather than 1983 as he currently claims. The 1982 date is supported by other evidence. The record contains a claim for workers' compensation submitted to the United States Department of Labor. That form was completed and filed on September 7, 1984. On this form Marshall

responded to the question, "Date you first became aware of the disease or illness", by inserting the date "7–12–82".

█ The only reasonable inference to be drawn from the record submitted on summary judgment is that Marshall learned on his first visit to Harborview that his exposure to asbestos was the cause of his respiratory ailment. The record reflects that this first visit occurred on July 12, 1982, and includes documentary evidence that asbestosis was diagnosed on that date. This evidence is contradicted only by Marshall's affidavit,[1] which is clearly self–serving at this juncture.

> When a party has given clear answers to unambiguous [deposition] questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.

*Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.,* 736 F.2d 656, 657 (11th Cir. 1984); *accord, Beneficial Standard Life Ins. Co. v. Madariaga,* 851 F.2d 271 (9th Cir. 1988); *Radobenko v. Automated Equip. Corp.,* 520 F.2d 540 (9th Cir. 1975). Thus, Marshall's contradictory affidavit does not raise a genuine issue of material fact. The trial court did not err in granting summary judgment. *Wilson v. Steinbach, supra.*

Affirmed.

---

[1]Both physicians involved with Marshall at Harborview have submitted affidavits indicating that, while it is unlikely that they would have communicated this diagnosis to Marshall in July of 1982, they cannot recall whether they did or not.