[No. 43108-1-I. Division One. July 26, 1999.]

JANIS E. SELVIG, ET AL., *Appellants*, v. GREGORY L. CARYL, ET AL., *Defendants*, SKAGIT COUNTY, *Respondent*.

*Earl Francis Angevine*, for appellants.

*Thomas L. Verge, Prosecuting Attorney*, and *Paul Hewson Reilly, Deputy*, for respondent.

COLEMAN, J. — The Superior Court on summary judgment dismissed Janis Selvig's suit against Skagit County. Selvig alleged that Skagit County's negligence in maintaining and signing the intersection resulted in her being hit by a truck while attempting to make a left turn from Josh Wilson Road onto Avon Allen Road while riding her bicycle. We affirm the Superior Court's dismissal of Selvig's action because Selvig failed to present evidence sufficient to create a genuine issue that Skagit County breached its duty to maintain the roadway in a reasonably safe condition for persons using ordinary care.

## FACTS

Janis Selvig, while riding a bicycle as part of a Skagit Bicycle Club outing, attempted to turn left onto Avon Allen Road but was seriously injured when she was hit by a truck traveling on Avon Allen Road. Selvig failed to stop at a stop sign located on Josh Wilson Road. Selvig claimed that the intersection was incorrectly signed, that Skagit County was aware of the error, and that its failure to correct the error resulted in her injuries because she expected the truck traveling on Avon Allen Road to stop at the intersection.

Selvig presents two types of evidence to support her theory. First, Selvig notes that prior to approaching the subject

intersection, she successfully negotiated the intersection immediately to the east of Avon Allen and Josh Wilson roads. At the prior intersection, traffic on Josh Wilson Road did not have to stop, but traffic on the cross street, Pulver Road, did. Second, Selvig obtained Skagit County's traffic flow records showing that Josh Wilson Road had greater traffic volumes than Avon Allen Road and accident reports revealing that there had been two prior fatal accidents at the subject intersection. Selvig's expert combined this information with a provision from the Manual on Uniform Traffic Control Devices (MUTCD) stating that stop signs at intersections should normally be placed on the minor (lesser volume) street and concluded that the subject intersection was improperly signed. According to Selvig's expert, the improper signage may have caused Selvig to expect that the truck traveling on Avon Allen Road would stop before entering the intersection.

Skagit County moved for summary judgment, asserting that there was no genuine issue of material fact regarding its negligence or that its actions were the proximate cause of the accident and that it was immune under both the recreational use immunity statute, RCW 4.24.210, and the public duty doctrine. The trial court granted Skagit County's motion dismissing Selvig's claim. The sole issue before us is whether Skagit County breached its duty to exercise ordinary care in maintaining the Avon Allen, Josh Wilson intersection.[1]

## DISCUSSION

■ Appellate courts review summary judgment orders de novo, performing the same inquiry as the trial court.

---

[1]In its response brief, Skagit County referenced its trial brief in support of the public duty doctrine and recreational use immunity defenses to liability, but it did not reargue these theories on appeal. Accordingly, we do not address either of these issues. See RAP 10.3(b) (appellate briefs must contain argument with citation to legal authority and references to relevant parts of the record).

In addition, Skagit County represented at oral argument that it was no longer concerned with its previous objection to Selvig's supplementing the record with several documents. We therefore consider Skagit County's objection waived.

*Kruse v. Hemp*, 121 Wn.2d 715, 853 P.2d 1373 (1993). Summary judgment is proper if the pleadings, depositions, admissions on file, and any affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). The facts submitted and all reasonable inferences therefrom must be considered in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). A summary judgment "motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion." *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993) (footnote omitted).

Selvig and Skagit County agree that the County had a duty to "exercise ordinary care in the construction, maintenance, and repair of its public roads to keep them in a manner that is reasonably safe for ordinary travel by persons using them in a proper manner and exercising ordinary care for their own safety." WASHINGTON PATTERN JURY INSTRUCTION 140.01. Selvig contends that her expert, Andrew Ramisch, created a factual issue regarding the County's negligence because he opined that the intersection was improperly signed so as to violate driver expectancy. Ramisch supported his position that the stop signs should have been placed on Avon Allen Road instead of Josh Wilson Road by combining the County's traffic flow studies showing that Avon Allen was the minor street with the MUTCD. The parties agree that the MUTCD has the force of law and that the relevant provision states:

> Where two main highways intersect, the stop sign or signs should normally be posted on the minor street to stop the lesser flow of traffic. Traffic engineering studies, however, may justify a decision to install a stop sign or signs on the major street, as at a three-way intersection where safety considerations may justify stopping the greater flow of traffic to permit left-turning movement.

According to Ramisch, the County's failure to change the

stop sign locations resulted in a dangerous situation because Selvig may have expected traffic on Avon Allen Road to stop at the intersection.

Skagit County does not directly address the issue of Selvig's expectancy that vehicles on the cross street, Avon Allen, would have to stop. Rather, the County points out that the MUTCD provision concerning stop sign placement uses the words "normally" and "may" and is therefore only a recommendation. Thus, the fact that the stop signs were not located consistently with the MUTCD's recommendations does not in itself result in a breach of Skagit County's duty to users of the intersection. Moreover, Skagit County states that the conditions on Josh Wilson Road would have created an expectancy that Selvig herself had to stop. Therefore, according to Skagit County, Selvig's failure to stop at the intersection was the sole cause of her injuries. However, for the purposes of summary judgment, we are concerned only with whether, taken in the light most favorable to Selvig, there was any evidence that Skagit County was negligent.

The crux of Selvig's argument with respect to driver expectancy is that the previous intersection, where traffic on the cross street was required to stop and traffic on Josh Wilson Road was not, created an expectancy in drivers on Josh Wilson Road that vehicles on Avon Allen Road would have to stop regardless of the fact that stop signs were placed on Josh Wilson Road. Gary Lorenz, another bicyclist on the ride with Selvig, declared that he thought that the intersection was a four-way stop because when he arrived at the intersection, a car northbound on Avon Allen was stopped. But Selvig approached the intersection after Lorenz. At the time of Selvig's accident, the evidence was that there was only one car stopped on Josh Wilson Road at the opposite side of the intersection from Selvig. Thus, the facts that led Lorenz to think that the intersection was a four-way stop were not present when Selvig approached the intersection.

▇ Ramisch also takes the position that driver expec-

tancy in combination with traffic flows could have created the situation where "[s]omeone proceeding westerly on Josh Wilson Road would expect that it would be a through road and that there would be stop signs on Avon Allen Road." But genuine issues of material fact cannot be created by a declarant who submits an affidavit that contradicts his or her own deposition testimony. *See Marshall v. AC&S, Inc.*, 56 Wn. App. 181, 185, 782 P.2d 1107 (1989) (quoting *Van T. Junkins & Assocs., Inc. v. United States Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). Ramisch testified in his deposition that the signage on Josh Wilson Road preceding the intersection with Avon Allen Road adequately alerted drivers that they were required to stop at the intersection. Moreover, it is undisputed that the County had placed a 30-inch reflectorized "stop ahead" sign approximately 500 feet before the subject intersection in addition to the standard 30-inch reflectorized stop sign at the intersection itself. As a result, it is undisputed that a reasonably prudent driver on Josh Wilson Road would have known that he or she had to stop at the intersection.

It is difficult for us to imagine a scenario where driver expectancy that cross traffic will have to stop will remain constant despite being alerted to a change in traffic flow. And this is exactly the situation that occurred to Selvig. Josh Wilson Road was clearly signed that traffic was required to stop at the intersection with Avon Allen Road even though a stop was not required at the previous intersection. Given the evidence in this case, the assertion that a reasonably prudent driver would expect vehicles to stop on Avon Allen Road because traffic on the cross street of the previous intersection had to stop is illogical and highly speculative.

Regardless of the condition at the preceding intersection, the signs on Josh Wilson Road were sufficient to negate any preexisting driver expectancy and to notify drivers that they were required to stop at the intersection of Josh Wilson and Avon Allen. Especially once drivers are notified that the traffic controls on the road they are traveling on

are different from the prior intersection, reasonably prudent drivers would not assume that cross traffic at the next intersection will be subject to the same regulations as cross traffic at the preceding intersection. Rather, a reasonably prudent driver would stop at the stop sign and evaluate the intersection to determine if traffic on Avon Allen Road also had to stop and whether it was safe to proceed into the intersection. Simply stated, nothing Skagit County did or failed to do created a danger for a person using Josh Wilson Road and exercising ordinary care for their own safety.

Because there is but one conclusion that a reasonable fact finder could reach, we find that there were no genuine issues of material fact with respect to Skagit County's breach of their duty to provide a reasonably safe road. Accordingly, we affirm the Superior Court's grant of summary judgment in favor of Skagit County.

AGID, A.C.J., and WEBSTER, J., concur.

Review denied at 140 Wn.2d 1003 (2000).