[Nos. 34123-9-II; 34137-9-II.   Division Two.   March 13, 2007.]

RONALD L. BEERS ET AL., *Appellants*, v. DEANNA ROSS ET AL., *Respondents*.

*Alan N. Rasmussen*, for appellants.

*Shelly K. Speir* (of *Troup, Christnacht, Ladenburg, McKasy & Durkin, Inc.*) and *David C. Neu* (of *Kirkpatrick & Lockhart Preston Gates Ellis, LLP*), for respondents.

¶1 QUINN-BRINTNALL, J. — In 2001, Deanna Ross moved next door to Ronald and Sherry Beers. For several years, the neighbors shared a 15-foot-wide driveway that ran from 168th Street to their Spanaway homes. But in early 2005, the Beerses told Ross that she could no longer use the driveway and then sued, seeking to quiet title to a portion of the driveway that ran over Ross's property and an injunction restraining Ross from maintaining a fence that she erected on the property line that impeded the Beerses' use of the driveway. Ross filed a document entitled "Answer, Defenses, and Counterclaims," in which she acknowledged ownership of the property, denied the Beerses' substantive allegations, and counterclaimed to quiet title and to enjoin the Beerses from trespassing on the Ross property and from

verbally assaulting or harassing Ross, her children, and her invitees.

¶2 The Beerses did not timely reply to Ross's counterclaims. Ross moved for summary judgment and dismissal of the Beerses' claims and for judgment on the pleadings of her counterclaims. The trial court denied the Beerses' request for leave to file a late reply to Ross's counterclaims. In an order dated September 27, 2005, the trial court dismissed the Beerses' claims with prejudice and granted Ross summary judgment on her counterclaims.

¶3 The trial court denied the Beerses' timely motion to reconsider and awarded Ross $7,425.00 in attorney fees, $205.24 in costs, and $50.00 in damages. The trial court later granted Ross's motion to cancel the Beerses' notice of lis pendens.

¶4 Because the trial court improperly excluded Ronald Beers's affidavit and belated response to Ross's counterclaims and because the record reveals material issues of disputed fact, we reverse the trial court's award of summary judgment and remand the matter for trial.

## FACTS

¶5 When the Beerses moved into their home in 1986, a driveway ran from 168th Street to the Beerses' home. Ross purchased her property in April 2001, believing that anyone living on or visiting the Beerses or Ross properties could use the driveway. Even though the driveway was located primarily on the Beerses' property, at one point it curved eastward around a utility pole onto Ross's property for about five to seven feet.

¶6 In early 2005, the Beerses told Ross that she could no longer use the driveway. In February, the Beerses sued to quiet title to the five to seven feet of Ross's property on which the driveway curved around the utility pole. After the Beerses sued Ross, she erected a fence along the property line. The fence impeded but did not block the Beerses' use of the driveway. The Beerses amended the complaint to include a

request for trespass damages and an order to remove what they characterized as a "spite" fence.[1] As described above, the trial court granted Ross's summary judgment motions to dismiss the Beerses' complaint and award her summary judgment on her counterclaims, and the Beerses appealed.

¶7 On appeal, the Beerses argue that the trial court erred when it (1) granted summary judgment in Ross's favor on their claims and on Ross's counterclaims, (2) denied the Beerses' motion for leave to file a late reply to Ross's counterclaims, (3) granted Ross attorney fees and costs, and (4) cancelled the Beerses' notice of lis pendens.

## ANALYSIS

### SUMMARY JUDGMENT DISMISSING THE BEERSES' COMPLAINTS

¶8 Washington law favors resolution of cases on their merits. *Smith v. Arnold*, 127 Wn. App. 98, 103, 110 P.3d 257 (2005). We review a trial court's summary judgment decision de novo. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In conducting our review, we weigh all facts and any reasonable inferences from those facts in the light most favorable to the nonmoving party, the Beerses. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990)); *Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 44, 846 P.2d 522 (1993); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

¶9 Here, the Beerses contend that the trial court improperly excluded material evidence by refusing to con-

---

[1] Ross had talked with the Beerses about putting up a fence for at least three years.

sider Ronald Beers's declaration. And, citing *Marshall v. AC&S, Inc.*, Ross argues that the trial court was prohibited from considering Ronald Beers's declaration because it conflicted with his sworn deposition testimony. 56 Wn. App. 181, 185, 782 P.2d 1107 (1989).[2] But Ross reads *Marshall* too broadly; *Marshall* does not require that the trial court exclude a contradicting declaration from consideration on summary judgment. *Duckworth v. Langland*, 95 Wn. App. 1, 7-8, 988 P.2d 967 (1998), *review denied*, 138 Wn.2d 1002 (1999).

¶10 We have previously addressed the scope of *Marshall*'s evidentiary impact. In *State Farm Mutual Automobile Insurance Co. v. Treciak*, we noted that *Marshall* does not stand for the proposition that " 'statements in a party's affidavit are inadmissible . . . if the affidavit is inconsistent with an earlier deposition and fails to explain the inconsistency.' " 117 Wn. App. 402, 408, 71 P.3d 703 (2003) (quoting *Schonauer v. DCR Entm't, Inc.*, 79 Wn. App. 808, 817, 905 P.2d 392 (1995), *review denied*, 129 Wn.2d 1014 (1996)), *review denied*, 151 Wn.2d 1006 (2004). Rather, we observed that the *Marshall* court addressed the *sufficiency*, not admissibility, of the testimony because the *Marshall* court looked at whether there existed a material issue of disputed fact to withstand summary judgment. *Treciak*, 117 Wn. App. at 407 (citing *Marshall*, 56 Wn. App. at 185).

¶11 In *Treciak*, we also noted that there exists a "basic evidential premise that on summary judgment, a later declaration should be considered in light of other evidence presented in the case to determine whether sufficient evidence raises a factual issue." 117 Wn. App. at 408.

¶12 Here, relying on a widespread misunderstanding of *Marshall*, the trial court excluded Ronald Beers's declaration when it considered the summary judgment motion. Reviewing de novo Ronald Beers's declaration in light of other evidence presented, we note that the declaration does

---

[2] Ross also stipulates that all the other documents listed by the Beerses as having been excluded from the trial court's summary judgment order were "called to the attention of the trial court." Clerk's Papers at 478.

not flatly contradict his deposition testimony. Ross argues that, for example, Ronald Beers's declaration that he **"made a continuous habit to drive over the established road to avoid a utility pole located on the west fifteen feet of my land"** directly contradicts his deposition testimony that he did not use the curved portion of Ross's property. Clerk's Papers at 247. We disagree. The two statements do not directly contradict other testimony that he had consistently used the driveway since he moved onto the property many years before Ross purchased her property. Nor are Ronald Beers's statements in his declaration inconsistent with the photographic evidence depicting the history of the driveway's route. The trial court should have considered these statements.

¶13 Reviewing de novo all the facts and all reasonable inferences in the Beerses' favor, as we must, the Beerses demonstrated at least two material issues of disputed fact—historic use of the driveway and whether use of neighbor's property for ingress and egress was permissive or adverse—sufficient to overcome summary judgment and dismissal of their claims.

MOTION TO ALLOW UNTIMELY RESPONSE TO COUNTERCLAIMS

¶14 On August 18, 2005, Ross filed a motion for summary judgment dismissal of the Beerses' claims and a motion for summary judgment on her counterclaims. We have already held that Ross's motion for summary judgment dismissing the Beerses' claims was improper. We turn now to Ross's motion for summary judgment on her counterclaims.

¶15 With the trial court's permission, the Beerses amended their original complaint twice. Ross responded to each amended complaint with answers, affirmative defenses, and counterclaims. The Beeress did not separately reply within the required time to the counterclaims, which were generally antithetical to their claims. Ross based her motion for summary judgment on her counterclaims *solely* on the Beerses' failure to reply. On August 19, 2005, the day after Ross moved for summary judgment, the Beerses filed a

motion for leave to file a late reply to the counterclaims. Then 10 days later, the Beerses filed a reply to Ross's counterclaims without leave of the court.

¶16 On September 23, 2005, the trial court heard both the Beerses' motion for late reply and Ross's summary judgment motions. The court denied the Beerses' motion to file a late reply to the counterclaims and granted Ross's motions for summary judgment. And the court granted Ross's request for attorney fees, costs, and an award of $50 in damages.

¶17 The Superior Court Civil Rules require a reply to a counterclaim; it is not optional. *Jansen v. Nu-West, Inc.*, 102 Wn. App. 432, 438, 6 P.3d 98 (2000) (citing CR 7(a)), *review denied*, 143 Wn.2d 1006 (2001). Absent a contrary court order, a reply must be filed within 20 days and must fairly meet the substance of any averment denied. CR 12(a)(4); *Jansen*, 102 Wn. App. at 438 (citing CR 8(b)). Failure to deny an averment in a counterclaim constitutes an admission. *Jansen*, 102 Wn. App. at 438 (citing CR 8(d)).

¶18 In this case, the Beerses' counsel informed the trial court that an oversight led to the failure to timely reply to Ross's counterclaims and asked that the trial court consider the untimely response in deciding Ross's summary judgment motion. Ross did not offer any testimonial or documentary evidence in support of her counterclaims for "verbal assault" harassment and emotional distress, and there was no other affirmative evidence offered to support the allegations in Ross's counterclaims. In support of her motion, Ross argued *only* that because the Beerses failed to reply, she was entitled to a judgment in her favor. Thus, in regards to her counterclaims, Ross's motion is more accurately characterized as a motion for judgment on the pleadings, CR 12(c), and entry of an order of default rather than a motion for summary judgment.

¶19 We note first that a motion to file an untimely reply is addressed to the sound exercise of the trial court's discretion. CR 6(b); *Goucher v. J.R. Simplot Co.*, 104 Wn.2d 662, 665, 709 P.2d 774 (1985). A trial court abuses that

discretion when it grants or denies a motion on untenable grounds or for untenable reasons. *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 77, 684 P.2d 692 (1984); *Boss Logger, Inc. v. Aetna Cas. & Sur. Co.*, 93 Wn. App. 682, 684-85, 970 P.2d 755 (1998). Here, the trial court did not state its reason for denying the Beerses' request; instead, it summarily denied the motion to file an untimely reply to Ross's counterclaims. The trial court erred when it denied the Beerses' motion for no apparent reason. *See State v. Hampton*, 107 Wn.2d 403, 409, 728 P.2d 1049 (1986) ("we cannot say [the trial court] based its decision on tenable grounds or reasons" when it did not provide any reasons for its decision).

¶20 CR 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not ex-cluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.

¶21 Whether the use of a neighbor's property for ingress and egress is adverse or permissive is a question of fact, and the trial court is required to examine all the circumstances surrounding each case. *Miller v. Jarman*, 2 Wn. App. 994, 997, 471 P.2d 704, *review denied*, 78 Wn.2d 995 (1970). When viewed in their entirety, the Beerses' pleadings, declarations, and documentary and photo-graphic evidence clearly indicate material issues of dis-puted fact that require a trial. If the trial court had considered Ronald Beers's affidavit, it would undoubtedly have ruled that there were disputed issues of material fact and allowed the matter to proceed to trial on all claims and counterclaims. On this record, summary judgment on Ross's counterclaim was improper.

Ross's Motion To Cancel the Beerses' Notice of Lis Pendens

¶22 Ross filed her motion to cancel lis pendens on November 23, 2005.

¶23 RCW 4.28.320 provides that a court may, at its discretion, cancel the notice of lis pendens "at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown."

¶24 The Beerses argue that the case has not been "settled, discontinued or abated" because they filed a notice of appeal on November 29, 2005, and that, as a result, the case is still pending and their notice of lis pendens should not have been cancelled.

■ ■ ¶25 In Washington, lis pendens is "procedural only; it does not create substantive rights in the person recording the notice." *Dunham v. Tabb*, 27 Wn. App. 862, 866, 621 P.2d 179 (1980), *review denied*, 95 Wn.2d 1010 (1981). Washington courts have not addressed the need for an appellant to file a motion to stay the trial court's order vacating the lis pendens.[3] Under RAP 8.1(b)(2), unless prohibited by statute, a party may obtain a stay of enforcement of a decision affecting a *right* to use of real property by filing a supersedeas bond, cash, or alternate security. Initially, we note that because the lis pendens did not give the Beerses any substantive property rights, it is not clear that a RAP 8.1(b)(2) stay would apply. But we do not resolve the issue because the Beerses did not request a stay. We hold only that the trial court did not abuse its discretion when it cancelled the lis pendens in this case because the Beerses did not request a stay.

Attorney Fees and Costs Below

¶26 The trial court awarded Ross attorney fees and costs. Because we reverse and remand this case for further proceedings, we vacate the trial court's award of these fees and costs.

---

[3] RCW 4.28.320 is not clear as to whether lis pendens terminates automatically.

ATTORNEY FEES AND COSTS ON APPEAL

¶27 Ross requests that we award her attorney fees and costs on appeal and cites to RCW 4.84.290. Under RCW 4.84.290, we "shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal." Because Ross is not the prevailing party on appeal, Ross is not entitled to appellate attorney fees and costs.

¶28 We reverse summary judgment and remand to the trial court for trial.

HOUGHTON, C.J., and VAN DEREN, J., concur.