154 P.3d 277 (2007)
Ronald L. and Sherry A. BEERS, Appellants,
v.
Deanna ROSS, unmarried; and Washington State Finance Commission; and The Leader Mortgage Co. nka U.S. Bank Home Mortgage, Respondents.
Nos. 34123-9-II, 34137-9-II.
Court of Appeals of Washington, Division 2.
March 13, 2007.
*278 Alan Neil Rasmussen, Attorney at Law, Spanaway, WA, for Appellants.
Shelly K. Speir, Troup Christnacht Ladenburg McKasy et al, Tacoma, WA, David Conrad Neu, Kirkpatrick & Lockhart Preston Gates Ell, Seattle, WA, for Respondents.
QUINN-BRINTNALL, J.
¶ 1 In 2001, Deanna Ross moved next door to Ronald and Sherry Beers. For several years, the neighbors shared a 15-foot-wide driveway that ran from 168th Street to their Spanaway homes. But in early 2005, the Beers told Ross that she could no longer use the driveway and then sued, seeking to quiet title to a portion of the driveway that ran over Ross's property and an injunction restraining Ross from maintaining a fence that she erected on the property line that impeded the Beers' use of the driveway. Ross filed a document entitled "Answer, Defenses, and Counterclaims" in which she acknowledged *279 ownership of the property, denied the Beers' substantive allegations, and counterclaimed to quiet title and to enjoin the Beers from trespassing on the Ross property and from verbally assaulting or harassing Ross, her children, and her invitees.
¶ 2 The Beers did not timely reply to Ross's counterclaims. Ross moved for summary judgment and dismissal of the Beers' claims and for judgment on the pleadings of her counterclaims. The trial court denied the Beers' request for leave to file a late reply to Ross's counterclaims. In an order dated September 27, 2005, the trial court dismissed the Beers' claims with prejudice and granted Ross summary judgment on her counterclaims.
¶ 3 The trial court denied the Beers' timely motion to reconsider and awarded Ross $7,425 in attorney fees, $205.24 in costs, and $50 in damages. The trial court later granted Ross's motion to cancel the Beers' notice of lis pendens.
¶ 4 Because the trial court improperly excluded Ronald Beers's affidavit and belated response to Ross's counterclaims and because the record reveals material issues of disputed fact, we reverse the trial court's award of summary judgment and remand the matter for trial.

FACTS
¶ 5 When the Beers moved into their home in 1986, a driveway ran from 168th Street to the Beers' home. Ross purchased her property in April of 2001, believing that anyone living or visiting the Beers or Ross properties could use the driveway. Even though the driveway was located primarily on the Beers' property, at one point it curved eastward around a utility pole onto Ross's property for about five to seven feet.
¶ 6 In early 2005, the Beers told Ross that she could no longer use the driveway. In February, the Beers sued to quiet title to the five to seven feet of Ross's property on which the driveway curved around the utility pole. After the Beers sued Ross, she erected a fence along the property line. The fence impeded but did not block the Beers' use of the driveway. The Beers amended the complaint to include a request for trespass damages and an order to remove what they characterized as a spite fence.[1] As described above, the trial court granted Ross's summary judgment motions to dismiss the Beers' complaint and award her summary judgment on her counterclaims and the Beers appealed.
¶ 7 On appeal, the Beers argue that the trial court erred when it (1) granted summary judgment in Ross's favor on their claims and on Ross's counterclaims; (2) denied the Beers' motion for leave to file a late reply to Ross's counterclaims; (3) granted Ross attorney fees and costs; and (4) cancelled the Beers' notice of lis pendens.

ANALYSIS

SUMMARY JUDGMENT DISMISSING THE BEERS' COMPLAINTS
¶ 8 Washington law favors resolution of cases on their merits. Smith v. Arnold, 127 Wash.App. 98, 103, 110 P.3d 257 (2005). We review a trial court's summary judgment decision de novo. Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In conducting our review, we weigh all facts and any reasonable inferences from those facts in the light most favorable to the nonmoving party, the Beers. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wash.2d 16, 26, 109 P.3d 805 (2005) (citing Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wash.2d 506, 516, 799 P.2d 250 (1990)); Van Dinter v. City of Kennewick, 121 Wash.2d 38, 44, 846 P.2d 522 (1993); Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982).
¶ 9 Here, the Beers contend that the trial court improperly excluded material evidence by refusing to consider Ronald Beers's *280 declaration. And, citing Marshall v. A C & S, Inc., Ross argues that the trial court was prohibited from considering Ronald Beers's declaration because it conflicted with his sworn deposition testimony. 56 Wash.App. 181, 185, 782 P.2d 1107, (1989).[2] But Ross reads Marshall too broadly; Marshall does not require that the trial court exclude a contradicting declaration from consideration on summary judgment. Duckworth v. Langland, 95 Wash.App. 1, 7-8, 988 P.2d 967 (1998), review denied, 138 Wash.2d 1002, 984 P.2d 1033 (1999).
¶ 10 We have previously addressed the scope of Marshall's evidentiary impact. In State Farm Mutual Automobile Insurance Co. v. Treciak, we noted that Marshall does not stand for the proposition that "statements in a party's affidavit are inadmissible . . . if the affidavit is inconsistent with an earlier deposition and fails to explain the inconsistency." 117 Wash.App. 402, 408, 71 P.3d 703 (2003) (quoting Schonauer v. DCR Entm't, Inc., 79 Wash.App. 808, 817, 905 P.2d 392 (1995), review denied, 129 Wash.2d 1014, 917 P.2d 575 (1996)), review denied, 151 Wash.2d 1006, 87 P.3d 1186 (2004). Rather, we observed that the Marshall court addressed the sufficiency, not admissibility, of the testimony. And because the Marshall court looked at whether there existed a material issue of disputed fact to withstand summary judgment. Treciak, 117 Wash. App. at 407, 71 P.3d 703 (citing Marshall, 56 Wash.App. at 185, 782 P.2d 1107).
¶ 11 In Treciak, we also noted that there exists a "basic evidential premise that on summary judgment, a later declaration should be considered in light of other evidence presented in the case to determine whether sufficient evidence raises a factual issue." 117 Wash.App. at 408, 71 P.3d 703.
¶ 12 Here, relying on a widespread misunderstanding of Marshall, the trial court excluded Ronald Beers's declaration when it considered the summary judgment motion. Reviewing de novo Ronald Beers's declaration in light of other evidence presented, we note that the declaration does not flatly contradict his deposition testimony. Ross argues that, for example, Ronald Beers's declaration that he "made a continuous habit to drive over the established road to avoid a utility pole located on the west fifteen feet of my land," directly contradicts his deposition testimony that he did not use the curved portion of Ross's property. Clerk's Papers at 247. We disagree. The two statements do not directly contradict other testimony that he had consistently used the driveway since he moved onto the property many years before Ross purchased her property. Nor are Ronald Beers's statements in his declaration inconsistent with the photographic evidence depicting the history of the driveway's route. The trial court should have considered these statements.
¶ 13 Reviewing de novo all the facts and all reasonable inferences in the Beers' favor, as we must, the Beers demonstrated at least two material issues of disputed facthistoric use of the driveway and whether use of neighbor's property for ingress and egress was permissive or adversesufficient to overcome summary judgment and dismissal of their claims.

MOTION TO ALLOW UNTIMELY RESPONSE TO COUNTERCLAIMS
¶ 14 On August 18, 2005, Ross filed a motion for summary judgment dismissal of the Beers' claims and a motion for summary judgment on her counterclaims. We have already held that Ross's motion for summary judgment dismissing the Beers' claims was improper. We turn now to Ross's motion for summary judgment on her counterclaims.
¶ 15 With the trial court's permission, the Beers amended their original complaint twice. Ross responded to each amended complaint with answers, affirmative defenses, and counterclaims. The Beers did not separately reply within the required time to the counterclaims, which were generally antithetical to their claims. Ross based her motion for summary judgment on her counterclaims solely on the Beers' failure to reply. *281 On August 19, 2005, the day after Ross moved for summary judgment, the Beers filed a motion for leave to file a late reply to the counterclaims. Then 10 days later, the Beers filed a reply to Ross's counterclaims without leave of the court.
¶ 16 On September 23, 2005, the trial court heard both the Beers' motion for late reply and Ross's summary judgment motions. The court denied the Beers' motion to file a late reply to the counterclaims and granted Ross's motions for summary judgment. And the court granted Ross's request for attorney fees, costs, and an award of $50 in damages.
¶ 17 The Superior Court Civil Rules require a reply to a counterclaim; it is not optional. Jansen v. Nu-West, Inc., 102 Wash.App. 432, 438, 6 P.3d 98 (2000) (citing CR 7(a)), review denied, 143 Wash.2d 1006, 20 P.3d 945 (2001). Absent a contrary court order, a reply must be filed within 20 days and must fairly meet the substance of any averment denied. CR 12(a)(4). Jansen, 102 Wash.App. at 438, 6 P.3d 98 (citing CR 8(b)). Failure to deny an averment in a counterclaim constitutes an admission. Jansen, 102 Wash.App. at 438, 6 P.3d 98 (citing CR 8(d)).
¶ 18 In this case, the Beers' counsel informed the trial court that an oversight led to the failure to timely reply to Ross's counterclaims and asked that the trial court consider the untimely response in deciding Ross's summary judgment motion. Ross did not offer any testimonial or documentary evidence in support of her counterclaims for "verbal assault" harassment and emotional distress and there was no other affirmative evidence offered to support the allegations in Ross's counterclaims. In support of her motion, Ross argued only that because the Beers failed to reply, she was entitled to a judgment in her favor. Thus, in regards to her counterclaims, Ross's motion is more accurately characterized as a motion for judgment on the pleadings, CR 12(c), and entry of an order of default rather than a motion for summary judgment.
¶ 19 We note first that a motion to file an untimely reply is addressed to the sound exercise of the trial court's discretion. CR 6(b); Goucher v. J.R. Simplot Co., 104 Wash.2d 662, 665, 709 P.2d 774 (1985). A trial court abuses that discretion when it grants or denies a motion on untenable grounds or for untenable reasons. Davis v. Globe Mach. Mfg. Co., 102 Wash.2d 68, 77, 684 P.2d 692 (1984); Boss Logger, Inc. v. Aetna Cas. & Sur. Co., 93 Wash.App. 682, 684-85, 970 P.2d 755 (1998). Here, the trial court did not state its reason for denying the Beers' request; instead it summarily denied the motion to file an untimely reply to Ross's counterclaims. The trial court erred when it denied the Beers' motion for no apparent reason. See State v. Hampton, 107 Wash.2d 403, 409, 728 P.2d 1049 (1986) ("we cannot say [the trial court] based its decision on tenable grounds or reasons" when it did not provide any reasons for its decision).
¶ 20 CR 12(c) provides:
After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.
¶ 21 Whether the use of a neighbor's property for ingress and egress is adverse or permissive is a question of fact and the trial court is required to examine all the circumstances surrounding each case. Miller v. Jarman, 2 Wash.App. 994, 997, 471 P.2d 704, review denied, 78 Wash.2d 995 (1970). When viewed in their entirety, the Beers' pleadings, declarations, documentary and photographic evidence clearly indicate material issues of disputed fact that require a trial. If the trial court had considered Ronald Beers's affidavit, it would undoubtedly have ruled that there were disputed issues of material fact and allowed the matter to proceed to trial on all claims and counterclaims. On this record, summary judgment on Ross's counterclaim was improper.
ROSS'S MOTION TO CANCEL THE BEERS' NOTICE OF LIS PENDENS
¶ 22 Ross filed her motion to cancel lis pendens on November 23, 2005.
*282 ¶ 23 RCW 4.28.320 provides that a court may, at its discretion, cancel the notice of lis pendens "at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown."
¶ 24 The Beers argue that the case has not been "settled, discontinued or abated" because they filed a notice of appeal on November 29, 2005, and that, as a result, the case is still pending and their notice of lis pendens should not have been cancelled.
¶ 25 In Washington, lis pendens is "procedural only; it does not create substantive rights in the person recording the notice." Dunham v. Tabb, 27 Wash.App. 862, 866, 621 P.2d 179 (1980), review denied, 95 Wash.2d 1010 (1981). Washington courts have not addressed the need for an appellant to file a motion to stay the trial court's order vacating the lis pendens.[3] Under RAP 8.1(b)(2), unless prohibited by statute, a party may obtain a stay of enforcement of a decision affecting a right to use of real property by filing a supersedeas bond, cash, or alternate security. Initially, we note that because the lis pendens did not give the Beers any substantive property rights, it is not clear that a RAP 8.1(b)(2) stay would apply. But we do not resolve the issue because the Beers did not request a stay. We hold only that the trial court did not abuse its discretion when it cancelled the lis pendens in this case because the Beers did not request a stay.
ATTORNEY FEES AND COSTS BELOW
¶ 26 The trial court awarded Ross attorney fees and costs. Because we reverse and remand this case for further proceedings, we vacate the trial court's award of these fees and costs.
ATTORNEY FEES AND COSTS ON APPEAL
¶ 27 Ross requests that we award her attorney fees and costs on appeal and cites to RCW 4.84.290. Under RCW 4.84.290, we "shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal." Because Ross is not the prevailing party on appeal, Ross is not entitled to appellate attorney fees and costs.
¶ 28 We reverse summary judgment and remand to the trial court for trial.
We concur: HOUGHTON, C.J., and VAN DEREN, J.
NOTES
[1] Ross had talked with the Beerses about putting up a fence for at least three years.
[2] Ross also stipulates that all the other documents listed by the Beerses as having been excluded from the trial court's summary judgment order were "called to the attention of the trial court." Clerk's Papers at 478.
[3] RCW 4.28.320 is not clear as to whether lis pendens terminates automatically.