**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| FEARGHAL McCARTHY; FEARGHAL McCARTHY and CASTLETHORNE CAPITAL LLC, as nominal plaintiffs on behalf of Venia RE Holdings LLC, Venia Development LLC, Venia Asset Management LLC, and Venia Holdings, Inc.; and VENIA RE HOLDINGS LLC, VENIA DEVELOPMENT LLC, and VENIA ASSET MANAGEMENT LLC, by and through its manager, FEARGHAL McCARTHY, | No. 47004-7-II |
| Appellants, | |
| v. | |
| KEVIN DeFORD and HEATHER DeFORD, husband and wife and their marital community; DAVID COPENHAVER and CARYL ANN COPENHAVER, husband and wife and their marital community; LAMBEAU LEAP INVESTMENTS LLC, a Washington limited liability company; ACORN ACQUISITIONS, LLC, a Washington limited liability company; GORGE CAPITAL PARTNERS, LLC, a Washington limited liability company; NEX GENERATION LLC, a Washington limited liability company; MARK ICKERT and PAMELA ICKERT, husband and wife and their marital community; ACORN CAPITAL, LLC, a Washington limited liability company; WHITE STONE DEVELOPMENT LLC, a Washington limited liability company; LAMBEAU LEAP PARTNERS, LLC, a | UNPUBLISHED OPINION |

No. 47004-7-II

Washington limited liability company; JOHN
DOE COMPANY; and JOHN DOE,

                          Defendants,

WEST PARK PARTNERS LLC, a
Washington limited liability company,

                          Respondent,

VENIA RE HOLDINGS LLC; VENIA
ASSET MANAGEMENT LLC; VENIA
DEVELOPMENT LLC; and VENIA
HOLDINGS, INC.,

                        Nominal Defendants.

JOHANSON, P.J. — Fearghal McCarthy appeals from a superior court order canceling the lis pendens he filed against property owned by West Park Partners LLC (West Park). McCarthy argues that (1) the superior court erred by canceling the lis pendens because he sought quiet title relief and the action was one that affected title to real property. In the alternative, he argues that (2) his request to establish a constructive trust provided an independent basis to uphold the lis pendens. He further argues that the superior court erred by (3) denying his motion to stay the lis pendens cancellation order and (4) awarding attorney fees to West Park. Finding no error, we affirm.

FACTS

In 2010, McCarthy, David Copenhaver, and Kevin DeFord entered into a business venture. The business partners sought to develop real estate so they formed several corporate entities including Venia Holdings Inc., Venia RE Holdings LLC, Venia Asset Management LLC, and Venia Development LLC (collectively "Venia"). The following year, the relationship between the three partners apparently began to sour. According to McCarthy, DeFord and Copenhaver ceased

2

participation in weekly management meetings, declined to inform McCarthy as to new development opportunities, and withheld his pay.

In 2012, McCarthy filed suit against his former business partners alleging, among other matters, that Copenhaver and DeFord had violated certain agreements and breached fiduciary duties by "diverting business opportunities and investor opportunities" away from the Venia entities. Clerk's Papers (CP) at 64. The first amended complaint sought money damages, an accounting, and attorney fees. Meanwhile, Copenhaver and DeFord continued to work together pursuing real estate business ventures, forming new corporate entities in the process. One such entity was West Park, which Copenhaver and DeFord formed in 2013. In the course of their business, West Park purchased property at 610 Esther Street in Vancouver.[1] West Park purchased this property in 2014. West Park's purchase of the Esther Street property forms the crux of this appeal.

McCarthy filed a second amended complaint after he learned that West Park purchased the Esther Street property. McCarthy added West Park as a defendant and alleged that West Park's Esther Street acquisition was one way in which his former partners had diverted business opportunities and contractual rights away from Venia in violation of prior agreements with Venia. In McCarthy's view, West Park had "wrongfully" acquired the Esther Street property that

---

[1] The entity that originally contracted to purchase the Esther Street property was actually one owned by Copenhaver, but that entity subsequently assigned its interest in the property to West Park, which then completed the transaction.

"rightfully" belonged to Venia because Venia had previously "contemplated" purchasing and developing the same.[2]

The second amended complaint alleged largely the same underlying facts, and McCarthy maintained his request for money damages. McCarthy's second amended complaint, however, also added a new allegation that DeFord and Copenhaver were engaged in a "conspiracy . . . to commit the acts complained of" and two new requests for relief. CP at 84. McCarthy requested a finding declaring the existence of a constructive trust on all diverted assets, including business opportunities and proceeds from the sale or lease of real estate, as well as an order quieting title to the Esther Street property in his favor. McCarthy then recorded a lis pendens against the Esther Street property.

Shortly thereafter, West Park moved to cancel the lis pendens. In West Park's view, McCarthy's action did not involve an "'action affecting title to real property'" within the meaning of the applicable law, nor was McCarthy's request for a constructive trust sufficient to support the filing of a lis pendens. CP at 106. McCarthy opposed the motion, arguing that his lawsuit "'affect[s] title to real property'" because he specifically sought to quiet title. CP at 110. McCarthy believed that the Esther Street property belonged to the Venia entities because they specifically contemplated purchasing the property at some time previously. Therefore, should he prevail on his claim, the title to the property would "indisputably be affected" because title would be vested in his favor. CP at 115.

---

[2] McCarthy specifically alleged that Venia was the rightful owner because DeFord and Copenhaver violated a provision in an earlier Venia agreement that specified that "'legal title to all Company property shall be held in the name of the Company.'" CP at 125.

In September 2014, the superior court heard argument on West Park's motion. It ruled that the substance of McCarthy's claim, in conjunction with the relief he was requesting, was "qualitatively distinguishable" from that of a quiet title action, which requires competing claims to title. Report of Proceedings (Sept. 26, 2014) at 22. As part of its oral ruling, the court noted that a more appropriate remedy would have been a prejudgment writ of attachment or a request for injunctive relief. The superior court ruled in West Park's favor, finding that the lawsuit was not an action affecting title to real property within the meaning of RCW 4.28.320, canceled the lis pendens, and awarded attorney fees.

McCarthy moved for reconsideration of that ruling, asserting largely the same arguments. Simultaneously, he moved to stay the order cancelling the lis pendens. The superior court denied McCarthy's motions. It also awarded West Park additional attorney fees under RCW 4.28.328(2).

The parties entered stipulated findings for final judgment pursuant to CR 54(b). As part of the stipulated findings, the superior court specified that its order denying McCarthy's motion for reconsideration dismissed his quiet title claim as a matter of law. McCarthy appeals from the court's order cancelling the lis pendens and the order denying his motion for reconsideration.[3]

## ANALYSIS

### I. ORDER CANCELLING LIS PENDENS

McCarthy argues that the superior court erred in at least two ways by cancelling the Esther Street lis pendens. First, he asserts that the superior court erred by basing its ruling on McCarthy's

---

[3] McCarthy filed a motion requesting that we take judicial notice of certain pleadings that were previously designated in the record before us. This motion is necessarily granted because the court properly considers all pleadings properly designated.

inability to demonstrate that he had a basis to seek quiet title. Second, McCarthy contends that Washington recognizes "constructive trust theory" as a basis to recover property and to quiet title and therefore this also serves as an independent basis to assert a lis pendens. For the reasons we explain below, we disagree.

## A. STANDARD OF REVIEW[4]

We review CR 12(b)(6) dismissals de novo. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (citing *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)). "'Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove any set of facts which would justify recovery.'" *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014) (internal quotation marks omitted) (quoting *Kinney*, 159 Wn.2d at 842). All facts alleged in the complaint are taken as true, and we may consider hypothetical facts supporting the plaintiff's claim. *FutureSelect*, 180 Wn.2d at 962 (citing *Kinney*, 159 Wn.2d at 842). "Therefore, a complaint survives a CR 12(b)(6) motion if *any* set of facts could exist that would justify recovery." *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781, 776 P.2d 963 (1988) (citing *Lawson v. State*, 107 Wn.2d 444, 448, 730 P.2d 1308 (1986); *Bowman v. John Doe*, 104 Wn.2d 181, 183, 704 P.2d 140 (1985)). But "[i]f a plaintiff's claim remains legally insufficient even under his or her proffered

---

[4] The parties disagree as to the proper standard of review. McCarthy argues that the CR 12(b)(6) standard should apply. West Park argues that McCarthy's interpretation of the case's procedural posture is incorrect. In its view, the only question before this court is whether the superior court properly granted West Park's motion to cancel the lis pendens as a matter of law. Although West Park did not move to dismiss the quiet title claim, the parties stipulated to the entry of an order dismissing McCarthy's quiet title claim. In any event, we use the CR 12(b)(6) standard argued by McCarthy to determine whether the trial court concluded that McCarthy failed to state a quiet title claim because even under this standard, his arguments fail.

hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

We review the decision to cancel a lis pendens for an abuse of discretion. *See Beers v. Ross*, 137 Wn. App. 566, 575, 154 P.3d 277 (2007). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *Teter v. Deck*, 174 Wn.2d 207, 215, 274 P.3d 336 (2012) (citing *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). Untenable reasons include errors of law. *Cook v. Tarbert Logging, Inc.*, 190 Wn. App. 448, 461, 360 P.3d 855 (2015) (citing *Estate of Treadwell v. Wright*, 115 Wn. App. 238, 251, 61 P.3d 1214 (2008)), *review denied*, 185 Wn.2d 1014 (2016).

### B. LIS PENDENS STATUTES

A lis pendens is a mechanism for giving notice that a lawsuit that concerns title to real property has been filed. RCW 4.28.320. A lis pendens may be filed "[a]t any time after an action affecting title to real property has been commenced." RCW 4.28.320. But a party who files a wrongful lis pendens risks liability in damages for doing so. RCW 4.28.328 governs, and it provides in pertinent part,

> (a) "Lis pendens" means a lis pendens filed under RCW 4.28.320 . . . or other instrument having the effect of clouding the title to real property, however named. . . .
> . . . .
> (2) A claimant in an action *not affecting the title to real property* against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.
> (3) Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

(Emphasis added.)

Washington courts have not established either a specific definition or guiding criteria to determine when and whether an action "affect[s] title to real property." RCW 4.28.320. But our courts, in construing other aspects of our lis pendens statutes, have relied on persuasive authority from Arizona, whose own lis pendens law is similar to ours. *See Schwab v. Seattle*, 64 Wn. App. 742, 748, 826 P.2d 1089 (1992). In determining whether a lis pendens was wrongfully recorded, their courts also consider whether the action is one "'affecting title to real property.'" *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395-96, 199 P.3d 646 (Ct. App. 2008) (quoting ARIZ. REV. STAT. ANN. § 12-1191(A)).

"[A] lawsuit affects a right incident to title if any judgment would expand, restrict, or burden a property owner's rights as bestowed by virtue of that title." *Santa Fe Ridge Homeowners' Ass'n*, 219 Ariz. at 396. In their view, a court need find only "'some basis'" that the action is one affecting title to real property to conclude the lis pendens was not wrongly recorded. *Santa Fe Ridge Homeowners' Ass'n*, 219 Ariz. at 395 (quoting *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 620, 810 P.2d 612, 618 (Ct. App. 1991)). They conclude further that a lis pendens is "groundless or has no basis only when the claim that the action affects 'title to real property has no arguable basis or is not supported by any credible evidence.'" *Santa Fe Ridge Homeowners' Ass'n*, 219 Ariz. at 395 (quoting *Evergreen W., Inc.*, 167 Ariz. at 621). Although the Arizona courts have rejected the notion that a court conducting this inquiry is limited to the manner in which the party characterizes the action, they have also cautioned against determining who will prevail on the merits of the underlying claim. *Evergreen W., Inc.*, 167 Ariz. at 620.

Here, West Park argues that, notwithstanding the manner in which McCarthy characterizes his request for relief, his action is "not an 'action affecting title to real property'" because McCarthy has not alleged facts sufficient to state a claim for quiet title. CP at 106. With the aforementioned principles in mind, it is instructive to consider what our law requires to maintain a quiet title action.

## C. QUIET TITLE ACTIONS

Washington law provides in a quiet title action that "[t]he plaintiff . . . shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.28.120. A quiet title action is equitable and "'designed to resolve competing claims of ownership' to property." *Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475, 502, 309 P.3d 636 (2013) (quoting *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 322, 308 P.3d 716 (2013)); *see* RCW 7.28.010. "An action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001).

> RCW 7.28.010 governs who may bring actions to quiet title and provides in relevant part,
>
> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title.

It is a long-standing principle that "'[a] plaintiff in an action to quiet title must prevail . . . on the strength of his own title, and not on the weakness of the title of his adversary.'" *Walker*, 176 Wn.

9

App. at 322 (internal quotation marks omitted) (quoting *Wash. State Grange v. Brandt*, 136 Wn. App. 138, 153, 148 P.3d 1069 (2006)).

Accordingly, in order to state a claim to quiet title in his favor, McCarthy must have a valid subsisting interest in the Esther Street property and a right to possess it. RCW 7.28.010. In his complaint, McCarthy alleges that DeFord and Copenhaver breached agreements and fiduciary duties including diverting business opportunities and converting property, assets, goodwill, and confidential information from Venia. McCarthy alleged specifically that one of the converted assets was the Esther Street property.

### D. ACTION DOES NOT AFFECT TITLE TO REAL PROPERTY

McCarthy suggests that these converted business opportunities and assets rightfully belonged to Venia. According to McCarthy, Venia had "specifically contemplated" purchasing the Esther Street property. CP at 115. But McCarthy does not—and apparently cannot—establish that he (or Venia) ever owned the property, ever made an offer to purchase the property, contracted to purchase the property, or contributed finances towards its eventual purchase. And McCarthy does not establish how he has any existing right to possess the property. To the contrary, West Park, which formed more than a year after McCarthy filed his original complaint, contracted for the rights to purchase the building and subsequently did so in full. At no time does McCarthy dispute that West Park is the owner of the property.

McCarthy asserts that he need show only "some interest" in the property to satisfy the valid subsisting interest requirement and that no prior ownership is required. *Symington v. Hudson*, 40 Wn.2d 331, 336, 243 P.2d 484 (1952). He argues that the alleged breaches of fiduciary duties and conversion of contract rights to purchase the property means that he has shown "'some interest'"

10

in the property. Br. of Appellant at 20. But he has alleged only that a business entity with which he was involved once *considered* purchasing the Esther Street property. McCarthy does not address how, even if taken as true, these facts establish that he has a competing claim of ownership and right to possession of the property as required under the law governing quiet title actions.

McCarthy cites a number of cases for the proposition that the alleged breach of fiduciary duties gives rise to sufficient grounds in equity to state a claim to quiet title. But those decisions are easily distinguishable from the alleged facts here. In each of McCarthy's cited cases, the plaintiff had an ownership interest with an accompanying right to possession at one point or another.[5]

McCarthy cites no authority that stands for the proposition that a party who has never owned nor had a right to possess the property is nevertheless permitted an order quieting title to property based on the breach of a fiduciary duty. A genuine dispute among competing claims to title in a suit for quiet title would undoubtedly "affect title to real property" because the outcome of the suit would vest title in one party or another. But McCarthy has failed to allege any facts that would properly state a claim for quiet title. Therefore, there is no "arguable basis" that his

---

[5] *See Westerbeck v. Cannon*, 5 Wn.2d 106, 119-20, 104 P.2d 918 (1940) (affirming a ruling rescinding real property contract sales because the defendant fraudulently violated fiduciary duties concerning property that the plaintiff already owned); *Moon v. Phipps*, 67 Wn.2d 948, 955-56, 411 P.2d 157 (1966) (holding that a plaintiff was entitled to rescind an agreement regarding the purchase of *her* farm following a breach of fiduciary duty); *Gustafson v. Gustafson*, 47 Wn. App. 272, 273, 734 P.2d 949 (1987) (a pledgee of a majority of shares in a close corporation brought a derivative suit to void the sale of real property that the corporation itself owned indirectly); *In re Marriage of Lutz*, 74 Wn. App. 356, 364, 369, 873 P.2d 566 (1994) (the former wife sought to quiet title to presumptive community property following her former husband's breach of fiduciary duty); *White v. White*, 33 Wn. App. 364, 365-66, 655 P.3d 1173 (1982) (the subject of the quiet title dispute was property in which the plaintiff had reserved a life estate).

claim affects title to the Esther Street property, and, consequently, he cannot demonstrate that this action is one "affecting the title to real property" as required to support a lis pendens. RCW 4.28.328(2). Accordingly, we reject McCarthy's argument that the trial court improperly cancelled the lis pendens because it erred when it dismissed his quiet title action. The trial court properly dismissed McCarthy's quiet title claim.[6]

### E. CONSTRUCTIVE TRUST[7]

McCarthy argues in the alternative that the trial court erred by cancelling his lis pendens because Washington has historically recognized the use of constructive trusts as a mechanism for plaintiffs to recover property. He also points out that cases from other jurisdictions support the proposition that a constructive trust affects title to property such that it is sufficient to justify recording a lis pendens. We disagree under the facts alleged that a constructive trust here affects title to property sufficient to support a lis pendens.

"A constructive trust is an equitable remedy which arises when the person holding title to property has an equitable duty to convey it to another on the grounds that they would be unjustly

---

[6] The parties stipulated to the dismissal of the quiet title action because in making its ruling to cancel the lis pendens, the trial court necessarily had to determine whether McCarthy had stated a claim "affecting title to real property." RCW 4.28.320. Thus, although there was no motion to dismiss the quiet title action, the trial court did enter an order based on the parties' stipulation dismissing McCarthy's quiet title claim.

[7] McCarthy also briefly argues that he is entitled to an order granting quiet title based on Copenhaver's breach of the Venia agreement that states that "'title to all Company Property shall be held in the name of the Company'" and "no member . . . 'shall have any right, title or interest in any Company Property . . . or the right to partition Company Property.'" Br. of Appellant at 24 (emphasis omitted) (quoting CP at 198). But McCarthy cites two cases that are not remotely analogous to this case and also does not explain how Copenhaver allegedly partitioned "company property" when Venia did not own the Esther Street property.

enriched if permitted to retain it." *City of Lakewood v. Pierce County*, 144 Wn.2d 118, 126, 30 P.3d 446 (2001) (citing *Baker v. Leonard*, 120 Wn.2d 538, 547-58, 843 P.2d 1050 (1993)). "'In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, . . . or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust.'" *Baker*, 120 Wn.2d at 547 (quoting *Kausky v. Kosten*, 27 Wn.2d 721, 727-28, 179 P.2d 950 (1947)).

Here, McCarthy contends that he has alleged facts that support a constructive trust. He claims that Washington has a long history of recognizing constructive trusts as equitable remedies and, although that is true, McCarthy cites no Washington authority for the proposition that there is an "action affecting title" under the lis pendens statute when a constructive trust is impressed upon property. McCarthy does, however, cite several cases from other jurisdictions that purport to do so.

For instance, McCarthy cites *Heck v. Adamson*, wherein the District of Columbia Court of Appeals held that a trial court incorrectly cancelled a lis pendens notice where the plaintiff requested a constructive trust to secure his right to profits from the sale *of a jointly owned* property that he contended were converted. 941 A.2d 1028, 1029 (D.C. 2008). But there, the law in effect permitted the filing of a lis pendens in an action "'affecting the title to or asserting a mortgage, lien, security interest, or *other interest in real property*.'" *Heck*, 941 A.2d at 1030 (quoting D.C. CODE § 42-1207(a)). Significantly, the *Heck* court's analysis centered on the fact that Heck's assertion of "an interest" was all that the applicable statute required in that case. 941 A.2d at 1030.

The *Heck* court also noted that the statutory scheme in place there only provided for relief for an improperly filed lis pendens *after* judgment was entered, contrary to the common law rules that permitted a lis pendens to be cancelled if the suit was not prosecuted in good faith. 941 A.2d at 1030. And, of course, another distinguishing fact is that here McCarthy does not allege that he "jointly owned" the property.

Likewise, the court in *Ross v. Specialty Risk Consultants, Inc.*, concluded that a party's action seeking the imposition of a constructive trust permitted the recording of a lis pendens under Wisconsin's lis pendens statutes. 2000 WI App. 258, ¶ 21, 240 Wis. 2d 23, 621 N.W.2d 669. Importantly, however, the language of the lis pendens statute in effect in Wisconsin permitted a lis pendens to be recorded in an action that "'*might . . .* change *interests* in the real property.'" *Ross*, 2000 WI App. at ¶ 13 (alteration in original) (emphasis added) (quoting WIS. STAT. § 840.10)). The *Ross* court was not required to determine whether the action there, as this court must here, "affected title." Moreover, the plaintiff in that case filed a lis pendens on the subject property only after the defendant had embezzled funds from the plaintiff that it directly used to acquire that property. *Ross*, 2000 WI App. at ¶ 3.

McCarthy also cites *Cap Care Group, Inc. v. McDonald*, where a North Carolina Court of Appeals was asked whether it was appropriate for a party who had been the victim of a breached partnership agreement to file a lis pendens and request that a constructive trust be imposed. 149 N.C. App. 817, 819, 824, 561 S.E.2d 578 (2002). The *Cap Care* court concluded that the plaintiff could properly record a lis pendens, but central to its holding in this regard was the fact that their courts had previously ruled that a lis pendens was appropriate where (1) a plaintiff could trace funds into the subject property and (2) the plaintiff alleged either an express or implied trust. 149

N.C. App. at 824. There, the plaintiffs had shown that their finances were used as part of the payment to purchase the property. *Cap Care Grp., Inc.*, 149 N.C. App. at 824. But unlike the facts here, the partners in *Cap Care Group* had specifically formed an agreement to purchase the specific property at issue, and the plaintiff could trace its own funds to the property's purchase. The cases cited by McCarthy are easily distinguishable and thus not persuasive.

On the other hand, West Park cites a number of cases from other jurisdictions that stand for the proposition that an action potentially impressing a constructive trust does not necessarily affect title to real property for purposes of a properly recorded lis pendens. One such case is factually similar and persuasive. In *BGJ Associates LLC v. Superior Court*, a California Court of Appeals was asked to determine whether an action requesting the imposition of a constructive trust and the subsequent recording of a lis pendens was permissible where one business partner breached his fiduciary duties by interfering with contractual relations to purchase property that belonged to the entity that the same partner had formed with others. 75 Cal. App. 4th 952, 965-66, 89 Cal. Rptr. 2d 693 (1999).

There, the California court acknowledged competing policy considerations existed. The court decided that the recording of a lis pendens was improper because the plaintiffs sought several different remedies, based on a number of different causes of action, that combined theories of liability for monetary damages with those for a constructive trust. *BGJ Assocs.*, 75 Cal. App. 4th at 972. Significantly, the California statute is similar to Washington's in that a party is permitted to record a lis pendens when an action has been filed "affecting title or right to possession of the real property described in the notice." *BGJ Assocs.*, 75 Cal. App. 4th at 966.

The *BGJ* court recognized the potential for abuse of process by recording lis pendens, quoting the following language from another one of its cases that

> "[b]ecause the recording of a lis pendens place[s] a cloud upon the title of real property until the pending action [is] ultimately resolved . . ., the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits."

*BGJ Assocs.*, 75 Cal. App. 4th at 969 (alterations in original) (quoting *Malcolm v. Superior Court*, 29 Cal. 3d 518, 524, 629 P.2d 495, 174 Cal. Rptr. 694 (1981)).  The court also discussed that it had not previously interpreted the term "affect" literally; rather, it looked to the substance of the dispute, noting that constructive trust or other equitable causes of action had been appended to lawsuits centering on money damages.  *BGJ Assocs.*, 75 Cal. App. 4th at 970.

Here, as in *BGJ*, McCarthy initially sought money damages, an accounting, and attorney fees.  McCarthy later amended his complaint adding West Park as a defendant and asserting a constructive trust theory.  The substance of McCarthy's complaint is based chiefly in tort and seeks primarily money damages.  Further, the legislative history here reveals similar policy concerns as those discussed by the *BGJ* court.  *See* H.B. REP. ON H.B. 1009, 53rd Leg. Reg. Sess. (Wash. 1994).  Remarks in favor of the enactment of RCW 4.28.328 include the following:

> Lis pendens are being used improperly to hinder sales of real property.  Owners of real property are being victimized by unscrupulous people.  The bill does not prevent the proper filing of lis pendens.  It simply provides for accountability if it is used improperly.

H.B. REP. ON H.B. 1009, at 3.

For these reasons, we conclude that the reasoning in the cases cited by West Park is more persuasive, given the factual similarities and the difference in language used in RCW 4.28.328 compared to that employed in the authority that McCarthy cites for support.  Accordingly, we

adopt the reasoning of those courts. Thus, we reject McCarthy's assertion that a constructive trust here affects title to property such that it is sufficient to support McCarthy's recording of the lis pendens on the Esther Street property.

## II. MOTION TO STAY

McCarthy argues that the superior court erred by denying his motion to stay its order cancelling the lis pendens during his appeal. West Park responds that the issue is moot. "'A case is moot if a court can no longer provide effective relief.'" *In re Marriage of Horner*, 151 Wn.2d 884, 891, 93 P.3d 124 (2004) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). We decline to address the merits of McCarthy's argument because the argument is moot; we can no longer grant relief to McCarthy. McCarthy requests that we reverse the order cancelling the lis pendens. He does not explain why the trial court's denial of his motion to stay should result in a reversal of the order on its merits. McCarthy's motion to stay the order cancelling the lis pendens during his appeal was denied by the superior court. We have now determined that the superior court correctly cancelled the lis pendens. Whether the superior court properly denied McCarthy's motion to stay the cancellation order during his appeal is immaterial now. Thus, we need not address this issue further.

## III. ISSUES NOT PROPERLY BEFORE THIS COURT

McCarthy makes several arguments tangentially related to the superior court's ruling or to his lawsuit in general. We decline to address these issues because they are not properly before us for a variety of reasons.

## A. OTHER REMEDIES

McCarthy contends that the superior court erred by concluding that a lis pendens functioned as a lien or restraint on real property similar to an injunction or prejudgment writ of attachment. Although in its oral ruling the superior court discussed other available remedies and expressed its belief that those remedies were perhaps more appropriate than the recording of a lis pendens, it granted West Park's motion specifically under RCW 4.28.328(2). The superior court's remarks regarding injunctive relief were merely the court articulating its view on the record orally. It was not part of the court's written ruling. A written order controls over any apparent inconsistency with the court's earlier oral ruling. *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966). We do not address this argument further as there is no issue to address.

## B. EQUITABLE CLAIMS

McCarthy also asserts that the superior court erred by not recognizing that he brought his claims in equity and argues that his claims were not adjudicated. But the only question before the superior court was whether the cause of action as pleaded was one "affecting title to real property" and the court ruled that it was not. McCarthy simply reiterates the arguments already discussed above regarding the breach of fiduciary duties and his request for the superior court to impress a constructive trust. We do not address this argument further.

## C. COMPLAINT AMENDMENT

McCarthy argues that he should be permitted to amend his complaint to the extent that it does not state a claim to quiet title. But McCarthy did not request the superior court's permission to amend his complaint either before or after the court's decision to grant West Park's motion to cancel the lis pendens. We do not decide issues raised for the first time on appeal unless a party

can demonstrate that the alleged errors are manifest errors affecting a constitutional right. RAP 2.5(a)(3). McCarthy undertakes no effort to make that showing here and therefore we decline to address his argument further.

## IV. ATTORNEY FEES

McCarthy contends that the superior court erred by awarding West Park attorney fees because this action does affect title to real property. He argues further that if an award of fees was proper, it should have been entered against Venia instead of himself personally. We disagree. Finally, McCarthy and West Park request attorney fees on appeal. We grant fees to West Park on appeal.

As discussed, RCW 4.28.328(2) provides for an award of actual damages caused by filing a wrongful notice of lis pendens and for reasonable attorney fees incurred in canceling the lis pendens. Here, West Park moved to cancel the lis pendens under that provision and prevailed in doing so. The statute clearly permits, and in fact requires, an award of reasonable fees. Accordingly, because the superior court properly granted West Park's motion to cancel the lis pendens, its award of attorney fees was also proper. The judgment was also properly entered against McCarthy himself because the notice of lis pendens lists "FEARGHAL MCCARTHY" as the person who recorded the notice. CP at 94.

Also, because McCarthy does not prevail here, he is not entitled to attorney fees on appeal. West Park, however, is the prevailing party and requests fees pursuant to RAP 18.1. Because appellate attorney fees are properly awarded following actions upholding a superior court's cancellation of improperly filed lis pendens, we award fees to West Park. *Richau v. Rayner*, 98 Wn. App. 190, 198-99, 988 P.2d 1052 (1999).

No. 47004-7-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.