# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52670-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| XAVIER MICHAEL MAGANA, | |
| Appellant. | |

MAXA, J. – Xavier Magana appeals the superior court's denial of multiple post-conviction motions that he filed several years after this court affirmed his conviction for first degree murder. The superior court transferred two motions for the State to produce exculpatory evidence and discovery material to this court under CrR 7.8(c)(2), but this court returned the motions to the superior court because CrR 7.8 did not apply. Magana filed several additional motions in the superior court.

We hold that the superior court (1) did not err in denying Magana's motions for the State to produce exculpatory evidence and discovery materials, (2) did not err by denying Magana's motion to correct the judgment and sentence, (3) did not err by failing to conduct an evidentiary hearing regarding motions that this court returned to the superior court, (4) did not violate Magana's right to be present, (5) did not deny Magana's right to assistance of counsel, (6) did

not violate Magana's public trial right, and (7) did not err by failing to provide any reasons for its orders denying Magana's motions.

Accordingly, we affirm the superior court's denial of Magana's post-conviction motions.

FACTS

*Background*

In 2011, Magana agreed to plead guilty to a first degree murder charge. Magana subsequently filed a motion to withdraw his guilty plea, which the trial court denied. The trial court sentenced Magana to 333 months of confinement and 36 months of community custody.

Magana appealed the trial court's denial of his motion to withdraw his guilty plea. We affirmed Magana's conviction. This court issued a mandate on March 14, 2013.

*Magana's Motions to Produce Evidence and Discovery Material*

In October 2017, Magana filed a motion for the State to produce exculpatory and mitigating evidence. Magana's declaration in support of the motion referenced evidence regarding the GPS coordinates of his cell phone. The court transferred Magana's motion to this court to be considered as a personal restraint petition (PRP) under CrR 7.8(c)(2) because the motion appeared to be time-barred under RCW 10.73.090.

In February 2018, Magana filed a motion to produce discovery material. In his motion, Magana requested that the superior court order the State and his former defense counsel to "produce any and all material pursuant to CrR 4.7," including correspondence between the State and defense counsel, all prior plea agreements, and all judgments and sentences pertaining to Magana's criminal history. Clerk's Papers (CP) at 93. The court found that Magana's motion was time-barred under RCW 10.73.090 and transferred the motion to this court to be considered as a PRP under CrR 7.8(c)(2).

In March, this court rejected both of the superior court's transfer orders after determining that that neither Magana's October 2017 nor February 2018 motion was a CrR 7.8 motion. Accordingly, this court returned both filings to the superior court. The order rejecting transfer stated: "ORDERED that the order transferring is rejected and the matter and additional filings are returned to the superior court for further action." CP at 181.

In May, Magana filed a motion for an evidentiary hearing regarding the October 2017 and February 2018 motions that had been returned to the superior court. He also requested that those motions be considered together with other motions that he had filed (discussed below).

The superior court entered orders denying both Magana's October 2017 and February 2018 motions, and the motion for an evidentiary hearing. There is no indication in the record that the court conducted a hearing on these motions or signed the orders in open court. None of the orders stated a basis for the denials.

*Magana's Additional Motions*

In January 2018, Magana filed a motion to correct the judgment and sentence. In his motion, Magana claimed that he was unlawfully sentenced to an exceptional sentence. He requested that the superior court order that he be transported to a resentencing hearing in which the court could impose a standard range sentence.

In March, Magana filed six separate motions: (1) to compel recusal of the judge; (2) to appoint a neutral adjudicator; (3) to compel the results of gunshot residue testing on the victim; (4) to compel the State to produce various records; (5) to subpoena witnesses; and (6) to supplement his October 2017 motion for production of evidence with his motion to produce and his motion to subpoena witnesses and to consolidate his October 2017 and February 2018 motions.

3

In April, Magana filed a motion to transport him from custody of the Department of Corrections to custody of the Pierce County Sheriff.

The superior court entered orders denying the motion to correct the judgment and sentence, Magana's March motions, and his motion for transport. There is no indication in the record that the court conducted a hearing on these motions or signed the orders in open court. None of the orders stated a basis for the denials.

Magana appeals the superior court's denial of his post-conviction motions.

## ANALYSIS

A.    MOTIONS FOR THE STATE TO PRODUCE EVIDENCE

Magana argues that the superior court erred by denying his motions for the State to produce exculpatory evidence and discovery materials. We disagree.

The Supreme Court in *In re Personal Restraint of Gentry* addressed a post-conviction motion for discovery from the standpoint of due process. 137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999). The court stated, "From a due process standpoint, prisoners seeking postconviction relief are not entitled to discovery as a matter of ordinary course, but are limited to discovery only to the extent the prisoner can show good cause to believe the discovery would prove entitlement to relief." *Id*. The offender's allegations must be specific to his or her own case. *Id*. n.5. They may not be "speculative or conclusory." *Id*.

Here, Magana has not even attempted to show good cause to believe that the information he requested would prove entitlement to relief, and the record does not support such a finding. Therefore, the superior court did not err in denying his motions.

B.      MOTION TO CORRECT JUDGMENT AND SENTENCE

Magana argues that the superior court erred by declining to correct the judgment and sentence.  Specifically, he claims that the court imposed a total sentence including a term of community custody in excess of the statutory maximum.  We disagree.

A sentencing court is not allowed to impose a combined term of confinement and community custody that exceeds the statutory maximum.  Former RCW 9.94A.505(5) (2006); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).  Therefore, RCW 9.94A.701(9) requires the sentencing court to reduce the community custody term if the confinement and community custody terms combined exceed the statutory maximum.

Magana argues that the court erred in denying his motion to correct the judgment and sentence because his total sentence – including community custody – exceeded the standard range.  Specifically, the court sentenced him to 333 months of confinement followed by 36 months of community custody, totaling 369 months, while the high end of the standard range sentence for his conviction was 333 months of confinement.

However, the rule is that the total time of confinement and community custody cannot exceed the *statutory maximum* sentence, not the standard range sentence.  Former RCW 9.94A.505(5).  The statutory maximum sentence for first degree murder is life in prison.  RCW 9A.32.040.  Therefore, Magana's sentence did not exceed the statutory maximum and the trial court did not err in denying this motion.

C.      MOTION FOR EVIDENTIARY HEARING

Magana argues that the superior court erred by failing to conduct an evidentiary hearing on his October 2017 and February 2018 motions that this court returned to the superior court.  We disagree.

This court's order rejecting transfer concluded that "Magana's motion for production of documents and the related filings are not CrR 7.8 motions." CP at 181. In addition, the order provided that "the matter and additional filings" be returned to the superior court for "further action." CP at 181. This court did not mandate an evidentiary hearing as Magana contends.

Magana cites CrR 7.8(c) and RAP 16.12 for the proposition that our return of his motions required an evidentiary hearing. But neither applies here. First, CrR 7.8(c) establishes the procedure for addressing CrR 7.8 motions. However, as we concluded in the order rejecting transfer, neither of Magana's returned motions were CrR 7.8 motions. Therefore, CrR 7.8(c) is inapplicable here. Second, RAP 16.12 governs the transfer of PRPs to superior court for either a "reference hearing" or a "determination on the merits." RAP 16.12. But here, Magana's motions were not returned as a PRP, and the order rejecting transfer did not invoke RAP 16.12. Therefore, RAP 16.12 is also inapplicable.

Magana provides no other authority for the proposition that the superior court was required to conduct an evidentiary hearing on the returned motions. Accordingly, we hold that the superior court did not err in denying the motion.

D. CHALLENGES REGARDING ENTRY OF ORDERS

Magana argues that when the superior court entered the orders denying his various motions in October 2018, the court violated (1) his right to be present, (2) his right to assistance of counsel, (3) his public trial right, and (4) his procedural due process right to the reasons for the denials. We disagree.

1. Right to be Present

A criminal defendant has the constitutional right to be present at all critical stages of the proceedings " 'at any stage of the criminal proceeding that is critical to its outcome if his

6

presence would contribute to the fairness of the procedure.' " *State v. Love*, 183 Wn.2d 598, 608, 354 P.3d 841 (2015) (quoting *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S. Ct. 2658, 96 L.Ed.2d 631 (1987)). However, a defendant's right to be present is not absolute. *State v. Irby*, 170 Wn.2d 874, 881, 246 P.3d 796 (2011). A defendant has the right to be present at a proceeding only when there is a reasonably substantial relationship between his or her presence and the opportunity to defend against a charge. *Id*. And a defendant does not have the right to be present if his/her presence would be useless or not beneficial. *Id*. We review whether a defendant's constitutional right to be present has been violated de novo. *Id*. at 880.

Here, Magana seems to assume that the superior court held some type of hearing when it signed the orders denying Magana's motion. But nothing in the record supports that assumption. Instead, the court appears to have simply signed the orders in chambers. Magana provides no authority for the proposition that a defendant has the right to be present when the superior court signs orders denying motions. And we reject such a proposition.

Therefore, we hold that the superior court did not violate Magana's right to be present when it signed the orders denying his motions.

2. Right to Assistance of Counsel

There is no constitutional right to counsel in post-conviction proceedings other than the first direct appeal of right. *State v. Forest*, 125 Wn. App. 702, 707, 105 P.3d 1045 (2005). Here, the State provided Magana with counsel for a post-conviction direct appeal at public expense. The motions at issue here were filed after Magana's first appeal was final. Therefore, Magana had no right to counsel regarding these motions.

We hold that the superior court did not violate Magana's right to counsel when it signed the orders denying his motions.

### 3. Public Trial Right

A defendant has the constitutional right to a public trial. *Love*, 183 Wn.2d at 604. In addition, article I, section 10 of the Washington Constitution states that "[j]ustice in all cases shall be administered openly, and without unnecessary delay."

However, "not every interaction between the court, counsel, and defendants will implicate the right to a public trial, or constitute a closure if closed to the public." *State v. Sublett*, 176 Wn.2d 58, 71, 292 P.3d 715 (2012). Magana provides no authority for the proposition that a court closure has occurred or the public trial right is implicated when the superior court signs orders denying motions in chambers. And we reject such a proposition.

We hold that the superior court did not violate Magana's public trial right when it signed the orders denying his motions.

### 4. Right to a Reasoned Decision

Magana cites *Beers v. Ross*, 137 Wn. App. 566, 573-74, 154 P.3d 277 (2007) for the proposition that a trial court errs when it denies a motion without stating the reason. In *Beers*, a civil case, the trial court denied the plaintiffs' motion to file an untimely reply to defendant's counterclaim without stating a reason. *Id*. at 574. This court stated that "[t]he trial court erred when it denied the Beerses' motion for no apparent reason." *Id.* However, this statement was made in the specific context of whether the trial court abused its discretion in denying the motion. The court's statement cannot be interpreted as requiring a superior court to expressly state a reason any time it denies a motion.

Magana provides no other authority for the proposition that a superior court must expressly state a reason any time it denies a defendant's post-conviction motion. And we reject such a proposition.

We hold that the superior court did not err when it denied Magana's motions without stating the reasons for the denials.

## CONCLUSION

We affirm the superior court's denial of Magana's post-conviction motions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, A.C.J.

GLASGOW, J.